UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES C. SUNG, MD, a married man,<br><br>Plaintiff,<br><br>v.<br><br>MISSION VALLEY RENEWABLE ENERGY, LLC, a Delaware limited liability company doing business in the State of Washington; FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Bank of Whitman; WILLIAM McKAY and CYNTHIA McKAY, individually and the marital community,<br><br>Defendants. | NO: CV-11-5163-RMP<br><br>ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on a motion for summary judgment filed by Defendants William and Cynthia McKay ("the McKays"), ECF No. 47. The Court heard oral argument on the motion on January 11, 2013. Maris Baltins appeared for the plaintiff, Dr. Charles C. Sung. Mark K. Davis appeared on behalf

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 1

of the McKays. The Court has considered the motions and supporting documents, and is fully informed.

BACKGROUND

Dr. Sung filed a complaint in Benton County Superior Court on October 27, 2010, for damages allegedly arising from a series of investments he had made in a company named Mission Valley Renewable Energy, LLC ("MVRE"). Dr. Sung alleged that William McKay, a loan officer for the Bank of Whitman, made numerous material misrepresentations and omissions concerning MVRE in the process of soliciting Dr. Sung's investments in MVRE. Allegedly relying on Mr. McKay's advice and representations, Dr. Sung made two investments in MVRE of $100,000 each in the form of convertible promissory notes. When the investments failed, Dr. Sung brought suit against MVRE, the Bank of Whitman, and Mr. McKay. Dr. Sung stated various causes of action against the McKays under the Washington State Securities Act, RCW 21.20 *et seq.* ECF No. 2, at 21-22.

While Dr. Sung's action was pending in Benton County Superior Court, the FDIC was appointed Receiver of the Bank of Whitman and substituted for the bank in the Benton County Action. The FDIC then removed the case to federal court pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1331.

The McKays now seek summary judgment on all claims asserted against them.

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 2

ANALYSIS

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). A "material" fact is one that is relevant to an element of a claim or defense, and whose existence might affect the outcome of the suit. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir 1987). Thus, the materiality of a fact is determined by the substantive law governing the claim or defense. *Id.* The party asserting the existence of a material fact must show "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). The mere existence of a scintilla of evidence is insufficient to establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the burden then shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." *Id.* at 324 (internal quotations omitted). The nonmoving party "may not rely on denials in the pleadings, but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME*

Case 2:11-cv-05163-RMP   Document 118   Filed 03/04/13

*Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). In deciding a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 631-32.

The Washington State Securities Act ("WSSA"), RCW 21.20.010, states:

> It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:
>
> (1) To employ any device, scheme, or artifice to defraud;
>
> (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
>
> (3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Plaintiff has pressed claims against the McKays under subsections (1), (2), and (3) of this statute. ECF No. 2, at 21-22.

To establish liability under the WSSA, the purchaser of a security must prove (1) that the seller made material misrepresentations or omissions about the security, and (2) the purchaser relied on those misrepresentations or omissions. *Stewart v. Estate of Steiner*, 122 Wn. App. 258, 264 (2004). Because the WSSA's primary purpose is to protect those investing in securities, courts must liberally construe the Act. *Id.*

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 4

The McKays assert that the claims that Dr. Sung has pressed under the WSSA must fail because (1) Mr. McKay was not a "seller" of securities under the Act; (2) Mr. McKay did not misrepresent any material facts; and (3) Dr. Sung's alleged reliance on the misrepresentations or omissions was not reasonable.[1] Each of these arguments is examined in turn below.

### A. Mr. McKay's status as a "seller" of securities under the WSSA

RCW 21.20.430(1) provides in part that "[a]ny person who offers or sells a security in violation of any provisions of RCW 21.20.010 . . . is liable to the person buying the security." The Washington Supreme Court has explained that a defendant is liable as a "seller" under this statute "if his acts were a substantial contributive factor in the sales transaction." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn. 2d 107, 131 (1987). In making this determination, courts should consider such factors as "(1) the number of other factors which contribute to the sale and the extent of the effect which they have in producing it; (2) whether the defendant's conduct has created a force or series of forces which are in

---

[1] The McKays raised for the first time additional arguments in their reply brief that the Court will not consider here. *See, e.g.*, *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("arguments not raised by a party in its opening brief are deemed waived").

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 5

continuous and active operation up to the time of the sale . . . ; and (3) lapse of time." *Id.* at 131-32 (citing Restatement (Second) of Torts §§ 432, 433 (1977)). Whether the defendant's conduct was a substantial contributive factor in the sales transaction "is necessarily a question of fact." *Id.* at 132.

The McKays contends that Mr. McKay was not a "seller" under the WSSA because he simply acted as a courier between MVRE and Dr. Sung and did not perform any substantive acts in furtherance of the sale. The McKays state that it was MVRE and not Mr. McKay who prepared and executed the transaction documents with Dr. Sung, that MVRE issued the debt notes to Dr. Sung in exchange for his investment, and that MVRE made the representations regarding the expected return on Dr. Sung's investment.

The McKays further argue that Mr. McKay did not act in conjunction with MVRE, that he was not an agent or employee of MVRE, and that he was not paid to solicit business for the company as a finder or promoter. The McKays state that Mr. McKay never received any pecuniary benefit from the company and that he, too, lost his money when MVRE failed. In the McKays' view, Mr. McKay was simply another investor in the failed company.

Dr. Sung disputes the McKays' characterization of Mr. McKay's role and contends that Mr. McKay was much more than a mere investor in MVRE. Dr. Sung argues that Mr. McKay received insider information from MVRE, including

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 6

confidential documents, financial statements, and budget forecasts; that Mr. McKay was regarded as the project's "lead banker"; and that Mr. McKay was financially intertwined with MVRE through a series of three loans that he made to the company totaling $313,000. ECF No. 62, at 6-28, 152-56. Dr. Sung further notes that all documents pertaining to Dr. Sung's purchase of the MVRE notes were presented to Dr. Sung by Mr. McKay in Mr. McKay's office at the Bank of Whitman; that Mr. McKay acted as the sole conduit between MVRE and Dr. Sung; that Mr. McKay discussed the subject of a possible brokerage fee for services rendered to MVRE; that Mr. McKay became a member of an LLC that was postured to take over management of MVRE; and that Mr. McKay was at one point named as a principal of MVRE and as a possible guarantor of an irrevocable line of credit when MVRE was having difficulty paying off bank loans. ECF No. 62, at 42, 76-79, 174; ECF No. 63, at 3-13.

Viewing the evidence in the light most favorable to the nonmoving party, the Court finds that a genuine issue of material fact exists as to whether Mr. McKay qualifies as a "seller" of securities under the WSSA. The McKays, as the moving party, have not established the absence of a genuine issue of material fact, and Plaintiffs' evidence further establishes that there is a genuine issue of material fact as to whether Mr. McKay was a substantial contributive factor in the sale of the MVRE notes.

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 7

## B. Material misrepresentations or omissions

To establish liability under the WSSA, a plaintiff must show that the defendant made material misrepresentations or omitted material facts. *Hines v. Data Line Sys., Inc.*, 114 Wn. 2d 127, 134 (1990); *Guarino v. Interactive Objects, Inc.*, 122 Wn. App. 95, 114 (2004). A "material fact" is one "to which a reasonable [person] would attach importance in determining his or her choice of action in the transaction in question." *Guarino*, 122 Wn. App. at 114 (quoting *Aspelund v. Olerich*, 56 Wn. App. 477, 481-82 (1990)). An undisclosed fact is material where there is "a substantial likelihood that the disclosures of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988)).

The McKays contend that Mr. McKay did not make any material misrepresentations or omit any material facts. The McKays argue that Mr. McKay simply stated his opinions and beliefs about MVRE from time to time, and that he encouraged investors to do their own research on the company before investing.

Dr. Sung provided a declaration asserting that Mr. McKay made numerous misrepresentations and omissions in connection with the sale of the Series 1 and Series 2 MVRE notes. Information allegedly omitted prior to the sale of the Series 1 note included that MVRE was a highly speculative and risky investment; that

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 8

MVRE was not an established company at the time of the investments; that MVRE's staff consisted solely of two persons; that MVRE had only a modest office facility; that MVRE had no assets or stream of revenue other than investment funds; that the project MVRE was pursuing would require extensive permitting from state and federal authorities, none of which had yet been obtained; that MVRE's management lacked experience in marketing renewable energy projects; and that MVRE had not developed or implemented a promotional strategy for the business. ECF No. 63, at 6-8.

In addition, Dr. Sung declared that Mr. McKay made the following affirmative misrepresentations in the sale of the Series 1 note: that there was no risk of losing money in the project; that Dr. Sung's investment would double or triple; that Bill Gates was involved in funding the MVRE project; that the Bank of Whitman was a participant in funding the project; and that Dr. Sung would begin receiving interest payments on the Series 1 note in March of 2009. ECF No. 63, at 8. Dr. Sung alleged similar misrepresentations or omissions in the sale of the Series 2 note. ECF No. 63, at 10-12.

Dr. Sung further contends that the documents pertaining to the sale of the MVRE notes did not disclose necessary risk factors. In connection with the sale of the Series 1 note, Dr. Sung signed a Memorandum of Terms, a Convertible Promissory Note, an Investor Questionnaire for Individuals, and a Note Purchase

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 9

Agreement. ECF No. 63, at 10. These documents did not disclose any risk factors associated with Dr. Sung's investment in MVRE. ECF No. 63, at 20-43. The Series 2 documents that Dr. Sung signed in connection with the Series 2 note did contain a "Summary of Risk" factors, ECF No. 63, at 72-73, but Dr. Sung alleges that these disclosures were "boilerplate" and cursory in nature.

Viewing the evidence in the light most favorable to the nonmoving party, the Court finds that Dr. Sung has established a genuine issue of material fact as to whether Mr. McKay misrepresented or omitted facts that a reasonable investor would have considered important in deciding whether to invest in MVRE.

### C. Reasonable reliance

The WSSA requires a plaintiff to show that his reliance on alleged misrepresentations or omissions was reasonable. *Estate of Steiner*, 122 Wn. App. at 265-66 & 266 n.9. In evaluating reasonable reliance, courts should examine such factors as

> (1) the sophistication and expertise of the plaintiff in financial and securities matters; (2) the existence of long standing business or personal relationships; (3) access to the relevant information; (4) the existence of a fiduciary relationship; (5) concealment of the fraud; (6) the opportunity to detect the fraud; (7) whether the plaintiff initiated the stock transaction or sought to expedite the transaction; and (8) the generality or specificity of the misrepresentations.

*Estate of Steiner*, 122 Wn. App. at 274 (citing *Jackvony v. RIHT Fin. Corp.*, 873 F.2d 411, 416 (1st Cir. 1989)).

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 10

The McKays contend that Dr. Sung cannot establish reasonable reliance under the *Jackvony* factors. First, the McKays assert that Dr. Sung is a sophisticated investor who has substantial investments in the real estate market and in other financial markets. ECF No. 4, at 469-71, 525-27, 589-90. Second, the McKays argue that Mr. McKay and Dr. Sung did not have a long standing business or personal relationship and that Dr. Sung had only known Mr. McKay for less than one year before first investing in MVRE. ECF No. 4, at 589-91. Third, the McKays argue that Dr. Sung could have accessed relevant information about the company but chose not to. ECF No. 4, at 528-30, 538, 591-92. Fourth, the McKays contend that Mr. McKay did not have a fiduciary or contractual relationship with Dr. Sung at any time. Fifth, the McKays state that no action was taken to conceal fraud because there was no fraud. Sixth, the McKays argue that it was Dr. Sung who expressed an interest in MVRE and who asked Mr. McKay how he could invest in the company. ECF No. 4, at 591-92. Seventh, the McKays argue that Dr. Sung has stated only vague allegations of misrepresentations. Finally, the McKays point to declarations from numerous other investors in MVRE, who state that Mr. McKay told them to conduct their own due diligence on the company and gave them opportunities to investigate. ECF No. 4, at 560-77.

For his part, Dr. Sung contends that he is not knowledgeable on the subject of investments and instead relies upon the advice of experts, including reliance on

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 11

the expertise of Mr. McKay in this case. Dr. Sung stated in his declaration that although he is interested in investments, he is not "educated" on the subject. Dr. Sung explained that he dedicates a great deal of his time to his practice and therefore must rely upon information provided by advisors in matters of finance. Dr. Sung states that he believed McKay was "learned" in investments and that he relied upon Mr. McKay's advice in investing in MVRE. ECF No. 63, at 2-3.

Dr. Sung also contends that he did not have access to all the relevant information because Mr. McKay was privy to insider information that was not disclosed to Dr. Sung. ECF No. 62, at 6-28. In addition, Dr. Sung contends that Mr. McKay took active steps to conceal fraud by not disclosing relevant information and by making certain misrepresentations, as previously set forth. ECF No. 63, at 6-8, 10-12. Dr. Sung further disputes Mr. McKay's declaration that Dr. Sung is the one who first expressed an interest in investing in MVRE. According to Dr. Sung's declaration, Mr. McKay began telling Dr. Sung about MVRE and tried to convince him to invest in the company. ECF No. 63, at 3-5.

Dr. Sung additionally argues that Mr. McKay's actions created a fiduciary relationship in fact. *See, e.g.*, *Annechino v. Worthy*, 162 Wn. App. 138, 143-45 (2011) (discussing Washington law). Such a relationship may arise in situations where one party lacks business expertise and a friendship between the contracting parties caused reliance, or where one party possesses superior knowledge and

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 12

assumes the role of an adviser.  *Id.*at 143-44 (quoting *Liebergesell v. Evans*, 93 Wn. 2d 881, 891 (1980)).  Whether such a fiduciary responsibility exists in a given case depends on the development of factual proof.  *Liebergesell*, 93 Wn. 2d at 891.

Viewing the evidence and construing all reasonable inferences in the light most favor to Dr. Sung as the non-moving party, the Court concludes that there is a genuine issue of material fact as to whether Dr. Sung could have reasonably relied on the misrepresentations and omissions allegedly made in the sale of the MVRE notes.  The parties have introduced competing evidence tending to show that while Dr. Sung has substantial investments in other markets that he may have reasonably placed substantial reliance on Mr. McKay's guidance in the MVRE investments.

The McKays also contend in their motion for summary judgment that Dr. Sung cannot rely on oral representations made prior to the written agreements that he entered into, because the written agreements contradict his claims.  The McKays rely on *Stewart v. Estate of Steiner*, 122 Wn. App. 258 (2004) and *Rissman v. Rissman*, 213 F.3d 381 (7th Cir. 2000) in support of this argument.[2]

---

[2]  McKay presents this argument separately from his reasonable reliance argument, but as the court explained in *Estate of Steiner*, the existence of a non-reliance clause is not dispositive and should instead be viewed in relation to other factors bearing on reasonable reliance.  122 Wn. App. at 274.

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 13

In *Estate of Steiner*, the Washington Court of Appeals held that a purchaser of securities could not establish reasonable reliance on a seller's oral misrepresentations or omissions because the purchaser expressly warranted in a subscription agreement that he had relied solely on information contained in the written offer memorandum and that he had not relied on any oral representation, warranty, or information in connection with the sale. 122 Wn. App. at 266-67. The memorandum in *Estate of Steiner* provided:

> No general solicitation will be conducted and no offering literature or advertising in any form will or may be employed . . . except for this Memorandum (including amendments and supplements to this Memorandum) and the documents summarized herein or enclosed herewith. No person is authorized to give any information or to make any representation not contained in this Memorandum (including amendments and supplements to this Memorandum) or in the documents summarized herein or enclosed herewith and, if given or made, such other information or representation must not be relied upon.

*Id.* at 267-68.

Similar to *Estate of Steiner*, the Seventh Circuit Court of Appeals held in *Rissman v. Rissman* that a shareholder in a securities fraud action could not press a claim based on prior oral misrepresentations when he signed an agreement containing numerous non-reliance clauses. 213 F.3d 381, 383-84 (7th Cir. 2000). The purchaser in *Rissman* warranted that he "ha[d] not relied upon any representation of any party hereby released"; that "no promise[s] or inducement[s]" were made to him except those set forth in the agreement; and that

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 14

he had acted "without reliance upon any statement or representation" made by certain persons, including the defendant, except as provided in the agreement. *Id.* at 383.

*Estate of Steiner* and *Rissman* are not persuasive in this case. As Dr. Sung points out, the agreements he signed in connection with the MVRE notes did not contain a non-reliance clause. ECF No. 63, at 20-43, 69-84. McKay recognizes this and instead attempts to rely on a general integration clause contained in the documents that Dr. Sung signed. The "Entire Agreement" clause contained in the purchase agreement between MVRE and Dr. Sung stated: "This Agreement, together with [accompanying documents], constitute[s] the entire agreement and understanding of the parties with respect to the subject matter hereof and supersede[s] any and all prior negotiations, correspondence, agreements, understandings[,] duties or obligations between the parties . . . ." ECF No. 63, at 42.

In *Helenius v. Chelius*, 131 Wn. App. 421, 440 (2005), a seller of securities attempted to rely on a general integration clause similar to the one that Mr. McKay presses here. The Washington Court of Appeals distinguished *Estate of Steiner* and *Rissman* on the grounds that the general integration clause did not explicitly address the purchaser's "reliance." *See id.* at 439-42. Moreover, *Estate of Steiner* recognized that reasonable reliance is not necessarily precluded as a matter of law

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 15

1  even when a purchaser signs an agreement containing a non-reliance clause. 122
2  Wn. App. at 274; *see also Rissman*, 213 F.3d at 387-88 (Rovner, J., concurring)
3  (emphasizing that "all circumstances surrounding the transaction are relevant in
4  determining whether reliance on prior oral statements can be deemed reasonable").

5       Finally, the Court notes that the investor questionnaire that Dr. Sung was
6  required to fill out in connection with the purchase of the MVRE asks the investor
7  to describe his or her business and financial experience as it relates to their
8  capacity to evaluate the merits and risks of the investment. Dr. Sung stated in his
9  declaration that Mr. McKay told him what information to put in the blanks on this
10 questionnaire. ECF No. 63, at 5-6. Dr. Sung further stated that when it came to
11 the question about his capacity to evaluate the merits and risks of the investment,
12 Mr. McKay told Dr. Sung to write that Mr. McKay's advice provided the basis for
13 Dr. Sung's capacity. ECF No. 63, at 5-6. Dr. Sung wrote on the questionnaire: "In
14 this particular deal I listened to Bill McKay, my banker." ECF No. 63, at 32. Dr.
15 Sung stated in his declaration that Mr. McKay was satisfied with that answer. ECF
16 No. 63, at 6. Thus the Court concludes that there is an issue of fact as to
17 reasonable reliance despite the integration clause contained in the written purchase
18 agreement.

19      Because there exist genuine issues of material fact regarding whether Mr.
20 McKay was a seller under the WSSA, whether Mr. McKay in fact made material

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 16

misrepresentations or omissions in connection with the sale of the MVRE notes, and whether Dr. Sung reasonably relied on Mr. McKay's misrepresentations or omissions, the McKays' motion for summary judgment must be denied.

Accordingly, **IT IS HEREBY ORDERED** that the McKays' motion for summary judgment, **ECF No. 47**, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 4th day of March 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MCKAYS' MOTION FOR SUMMARY JUDGMENT ~ 17