1

2

3

4

5             UNITED STATES DISTRICT COURT

6         EASTERN DISTRICT OF WASHINGTON

7 CHARLES C. SUNG, MD, a married
man,

8                 Plaintiff,

9

10      v.

11 MISSION VALLEY RENEWABLE
ENERGY, LLC, a Delaware limited

12 liability company doing business in the
State of Washington; FEDERAL

13 DEPOSIT INSURANCE
CORPORATION as Receiver for Bank

14 of Whitman; WILLIAM McKAY and
CYNTHIA McKAY, individually and

15 the marital community,

16              Defendants.

NO:  CV-11-5163-RMP

ORDER DENYING DEFENDANT
FDIC'S MOTION TO DISMISS

17     This matter comes before the Court on a motion to dismiss brought by

18 Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for the

19 Bank of Whitman.  ECF No. 40.  The Court heard oral argument on the motion.

20 Maris Baltins appeared for the plaintiff, Dr. Charles C. Sung.  David Gardner

ORDER DENYING FDIC'S MOTION TO DISMISS ~ 1

appeared on behalf of the FDIC.  The Court has considered the motions and the file, and is fully informed.

BACKGROUND

Dr. Sung filed a complaint in Benton County Superior Court on October 27, 2010, alleging state law claims arising from a series of investments he had made in a company named Mission Valley Renewable Energy, LLC ("MVRE").  Dr. Sung alleged that William McKay, a loan officer for the Bank of Whitman, made numerous material misrepresentations and omissions concerning MVRE in the process of soliciting Dr. Sung's investments.  Allegedly relying on Mr. McKay's advice and representations, Dr. Sung made two investments in MVRE of $100,000 each in the form of convertible promissory notes.  When the investments failed Dr. Sung brought suit against MVRE, the Bank of Whitman, and Mr. McKay.

Dr. Sung's complaint stated various causes of action against the Bank of Whitman under the Washington State Securities Act, RCW 21.20 *et seq.*, and under tort theories of respondeat superior, failure to supervise, negligent misrepresentation, breach of fiduciary duty, and negligence.  ECF No. 2, at 21-26. Dr. Sung generally sought to hold the Bank of Whitman liable for the alleged actions of its loan officer, Mr. McKay.  As part of his claim, Dr. Sung requested judgment for interest, attorney's fees, and costs pursuant to the Washington State Securities Act, RCW 21.20.430(1).   ECF No. 2, at 26.

On August 5, 2011, the Washington State Department of Financial Institutions closed the Bank of Whitman and appointed the FDIC as Receiver. The FDIC substituted for the Bank of Whitman as the real party in interest in the Benton County action. Thereafter the FDIC removed the action to federal court pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1331.

The FDIC then brought the instant motion to dismiss, contending that Dr. Sung's suit is barred by federal law relating to the FDIC's status as receiver for the Bank of Whitman.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate under this rule when the plaintiff's claims are not legally cognizable. *E.g.*, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a motion to dismiss, the court must accept all material allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* The FDIC asserts that Dr. Sung's claims are barred by 12 U.S.C. § 1823(e) and that Dr. Sung may not seek recovery of fees, costs, and interests in accordance with 12 U.S.C. § 1825(b)(3). These arguments are examined in turn.

ORDER DENYING FDIC'S MOTION TO DISMISS ~ 3

**A. Dismissal of Dr. Sung's Claims Pursuant to 12 U.S.C. § 1823(e)**

The Federal Deposit Insurance Act of 1950, § 2(13)(e) (codified as amended at 12 U.S.C. § 1823(e)(1)) provides:

> No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution shall be valid against the [FDIC] unless such agreement—
>
> (A)  is in writing,
>
> (B)  was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C)  was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D)  has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1821(d)(9)(A) makes explicit that an agreement which does not meet these may not form the basis of a claim against the FDIC.

The Supreme Court recognized two purposes behind Section 1823(e) in *Langley v. FDIC*, 484 U.S. 86, 91-92 (1987).  The first is to allow regulatory examiners to rely on a bank's records in evaluating its assets.  *Id.* at 91.  "Such evaluations are necessary when a bank is examined for fiscal soundness by state or federal authorities and when the FDIC is deciding whether to liquidate a failed

1  bank or to provide financing for purchase of its assets (and assumption of its

2  liabilities) by another bank." *Id.* (internal citations and quotations omitted).  The

3  second purpose of 1823(e) is to prevent fraudulent insertion of new terms in loan

4  transactions when a bank appears headed for failure.  *Id.* at 92.

5       Courts generally agree that Section 1823(e) represents a partial codification

6  of the doctrine announced in *D'Oench, Dumhme & Co. v. FDIC*, 315 U.S. 447

7  (1942).  *E.g.*, *John v. Resolution Trust Corp.*, 39 F.3d 773, 775 (7th Cir. 1994).  In

8  *Doench*, the Supreme Court held that an alleged "secret agreement" between the

9  maker of a note and a failed bank could not operate as a defense to suit by the

10  FDIC because such agreements would tend to deceive banking authorities.  315

11  U.S. at 460-61.  The Court recognized "a federal policy to protect [the FDIC] and

12  the public funds which it administers against misrepresentations as to the securities

13  or other assets in the portfolios of the banks which [the FDIC] insures or to which

14  it makes loans."  *Id.* at 457.

15       Although Section 1823(e) represents a partial codification of *D'Oench*, the

16  Ninth Circuit has recognized that Section 1823(e) and the common law *D'Oench*

17  doctrine are not coextensive.  *See, e.g.*, *Brookside Assocs. v. Rifkin*, 49 F.3d 490,

18  495-96 (9th Cir. 1995); *see also E.I. du Pont de Nemours & Co. v. FDIC*, 32 F.3d

19  592, 596-97 (1994) (explaining that Section 1823(e) is "both broader and narrower

20  than the *D'Oench* doctrine").  One key difference between the two is that Section

1823(e) by its terms applies only where the FDIC has acquired an "asset," whereas the *D'Oench* doctrine applies even when the FDIC no longer holds a specific asset. *See Brookside*, 49 F.3d at 495-96.

The FDIC contends that Dr. Sung's claims are barred by Section 1823(e) because the MVRE notes that form the basis of his suit were not in writing, were not executed contemporaneously with the acquisition of an asset, were not approved by the board of directors or reflected in its minutes, and have not been an official record continuously since the time of their execution.  Dr. Sung does not contend that the MVRE notes meet the requirements of Section 1823(e).  Rather, Dr. Sung contends that Section 1823(e) and the *D'Oench* doctrine do not apply in this case.

The Court need not evaluate Dr. Sung's argument that the *D'Oench* doctrine does not apply.  The FDIC only argued for dismissal under Section 1823(e) and not under *D'Oench*.  ECF No. 40.  In addition, the Ninth Circuit has held that the *D'Oench* doctrine does not apply where the FDIC acts as receiver for a failed bank because no federal interest exists to justify the application of federal common law. *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 828-30 (9th Cir. 1997) (discussing *Atherton v. FDIC*, 519 U.S. 213 (1997); *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994)).  Therefore the Court only will evaluate the FDIC's motion under Section 1823(e).

1    Dr. Sung contends that Section 1823(e) does not apply to this case because

2    the FDIC has not acquired an asset in connection with Dr. Sung's claims.  *See*

3    *Murphy v. FDIC*, 38 F.3d 1490, 1500 (9th Cir. 1994) (en banc) (explaining that

4    Section 1823(e) "applies to an agreement which tends to diminish or defeat the

5    interest of the [FDIC] *in any asset*" (internal quotation omitted) (emphasis in

6    original)).

7          Dr. Sung does not allege that the Bank of Whitman was a party to the sale of

8    the MVRE notes or that the Bank of Whitman had any direct involvement with

9    MVRE.  Dr. Sung's claims against the bank are based only on the alleged actions

10   of its loan officer, co-defendant William McKay.  Dr. Sung relies on various

11   theories of vicarious liability to hold the Bank responsible for misrepresentations

12   and omissions that Mr. McKay allegedly made in the sale of the MVRE notes.

13   According to the allegations in the complaint, the Bank did not have any interest in

14   MVRE and, thus, the FDIC could not have acquired a specific asset relating to the

15   sale of the MVRE notes.

16         The FDIC recognizes that it did not acquire a specific asset relating to Dr.

17   Sung's claims, but contends that a general depletion of the receivership's assets is

18   adequate to trigger Section 1823(e)'s statutory bar.  Put another way, the FDIC

19   contends that while Dr. Sung's claims do not impact a particular asset held by the

20   FDIC, a finding of liability on Dr. Sung's claims and subsequent payout would

ORDER DENYING FDIC'S MOTION TO DISMISS ~ 7

1  diminish the overall value of the assets that the FDIC acquired in its receivership

2  of the Bank of Whitman.

3      It is an open question in the Ninth Circuit whether a party's claim must

4  implicate a specific asset acquired by the FDIC before Section 1823(e)'s statutory

5  bar may apply. *Brookside*, 49 F.3d at 494-95. The Ninth Circuit arguably adopted

6  a restrictive view of what constitutes an "asset" under Section 1823(e) in *Murphy*

7  *v. FDIC*, 38 F.3d 1490. There, an en banc panel of the court held that Section

8  1823(e) did not apply to a suit against the FDIC based on letters of credit issued by

9  a failed bank because a letter of credit is not an "asset" of the bank but rather a

10 "liability." *Id.* at 1500-01. In *Brookside,* the Ninth Circuit recognized that a court

11 could conceivably extend *Murphy* outside the context of bank liabilities to hold

12 that Section 1823(e) applies only when a specific asset is affected. *See* 49 F.3d at

13 495. However, the *Brookside* court declined to decide the issue because the

14 common law *D'Oench* doctrine barred the plaintiff's suit in that case even if

15 Section 1823(e) did not apply. *Id.* at 495-96.

16     Other federal courts examining the issue have found that application of

17 Section 1823(e) requires the implication of a specific asset acquired by the FDIC.

18 *See, e.g.*, *Murphy v. FDIC*, 61 F.3d 34, 37-38 (D.C. Cir. 1995); *John v. Resolution*

19 *Trust Corp.*, 39 F.3d 773, 776 (7th Cir. 1994); *FDIC v. Bracero & Rivera, Inc.*,

20 895 F.2d 824, 830 (1st Cir. 1990); *Commerce Fed. Sav. Bank v. FDIC*, 872 F.2d

1   1240, 1242-43, 1246 (6th Cir. 1989); *Grubb v. FDIC*, 868 F.2d 1151, 1158-59

2   (10th Cir. 1989); *Avirez, Ltd. v. Resolution Trust Corp.*, 876 F. Supp. 1135, 1142

3   (C.D. Cal. 1995); *Agri Exp. Co-op v. Universal Sav. Ass'n*, 767 F. Supp. 824, 833

4   (S.D. Tex. 1991).

5          These courts typically have relied on the plain meaning of Section 1823(e)

6   and the statute's structure.  *See, e.g.*, *Agri Exp. Co-op*, 767 F. Supp. at 833-34.

7   Section 1823(e) uses the singular form in referring to the diminution of "any asset"

8   and in requiring execution of the agreement contemporaneously with the

9   acquisition of "the asset."  In addition, Section 1823(e)(1)(A) & (B) provide that an

10  agreement subject to the statute is valid against the FDIC only if it is in writing and

11  "was executed by the depository institution and any person claiming an adverse

12  interest thereunder . . . *contemporaneously with the acquisition of the asset* by the

13  depository institution."  (Emphasis added).  The contemporaneous execution

14  requirement would make little sense if the statute's reference to an "asset" did not

15  require a specific, identifiable asset but could instead be satisfied by diminution of

16  the bank's assets generally.[1]

        ────────────────────

17  [1]  The Court notes that Section 1823(e) was amended in 1994 and again in 2005 to

18  provide certain exceptions to the contemporaneous execution requirement.  Riegle

19  Community Development & Regulatory Improvement Act of 1994, Pub. L. No.

20  103-325, § 317, 108 Stat 2160, as amended by the Bankruptcy Abuse Prevention &

The decisions holding that Section 1823(e) requires reference to a specific asset have further noted that a broader construction of the term "asset" would subject virtually any agreement involving a failed bank to the strict statutory bar. *See, e.g.*, *Murphy*, 61 F.3d at 37.  The D.C. Circuit noted in *Murphy* that the requirements of Section 1823(e) would almost never be satisfied by investors, creditors or tort claimants if the statute's reference to an "asset" were construed broadly.  *Id.*  The *Murphy* court found no indication that Congress intended to disfavor such persons and reasoned that "it would be positively wanton for a court to construe the asset requirement so broadly as to destroy their otherwise valid claims." *Id.*

The FDIC relies on *OPS Shopping Center, Inc. v. FDIC*, 992 F.2d 306 (11th Cir. 1993) and cases cited therein for the proposition that a specific asset is not required to trigger the statutory bar.  But the court in *OPS Shopping Center* applied the *D'Oench* doctrine and explicitly noted that it had not considered Section 1823(e).  *See id.* at 309-10 & n.3.  As the Ninth Circuit recognized in *Brookside*,

---

Consumer Protection Act of 2005, Pub. L. No. 109-8, § 909, 119 Stat. 23 (codified at 12 U.S.C. § 1823(e)(2)).  The parties did not address these amendments and how they relate to prior authorities discussing Section 1823(e)'s reference to an "asset" acquired by the FDIC.

Section 1823(e) requires reference to an "asset" before the statutory bar may be triggered whereas the common law *D'Oench* doctrine is not similarly constrained. *Brookside*, 49 F.3d at 495-96.

The Court finds persuasive the reasoning of those cases requiring that a specific, identifiable asset be at issue for Section 1823(e)'s statutory bar to apply. The plain language and structure of the statute support this finding. The Court also recognizes that the FDIC's argument, if accepted, would result in an expansive bar applicable to virtually any claim against a failed bank. Dr. Sung's claims against the FDIC are not barred by Section 1823(e) because the MVRE notes that form the basis of his suit do not implicate a specific, identifiable asset acquired by the FDIC. Dr. Sung has presented a cognizable legal action and the FDIC's motion to dismiss must fail.[2]

## B. Recovery of fees, costs, and interests under 12 U.S.C. § 1825(b)(3)

The Washington State Securities Act, RCW 21.20.430(1), permits a prevailing purchaser of securities to recover interest, costs, and reasonable attorney's fees. However, the FDIC contends that the application of this provision

---

[2] Dr. Sung additionally argued that his claims do not rely on an "agreement" as set forth in Section 1823(e). The Court need not reach this argument because even if the MVRE notes constitute "agreements" under Section 1823(e), the FDIC has not established that Dr. Sung's claims implicate a specific asset acquired by the FDIC.

1    to Dr. Sung's claims would offend federal law.  The FDIC relies on 12 U.S.C. §

2    1825(b)(3), which states that when the FDIC acts as receiver it "shall not be liable

3    for any amounts in the nature of penalties or fines, including those arising from the

4    failure of any person to pay any real property, personal property, probate, or

5    recording tax or any recording or filing fees when due."

6         The question before the Court is whether the interest, costs and attorney's

7    fees provided for in RCW 21.20.430(1) may be characterized as "penalties" or

8    "fines" such that Section 1825(b)(3) would bar their recovery.  *See Monrad v.*

9    *FDIC*, 62 F.3d 1169, 1174-75 (9th Cir. 1995); *Nat'l Loan Investors L.P. v. Town of*

10   *Orange*, 204 F.3d 407, 411-13 (2d Cir. 2000).  This is a "federal question informed

11   by state law."  *Nat'l Loan Investors*, 204 F.3d at 412 (citing *Irving Indep. Sch.*

12   *Dist. v. Packard Properties*, 741 F. Supp. 120, 123 (N.D. Tex. 1990)).

13        The FDIC presents no argument that the interest, attorney's fees, and costs

14   provided for in RCW 21.20.430(1) may be characterized as penalties or fines, nor

15   can the Court discern a basis for so holding.  The purpose of RCW 21.20.430(1) is

16   "only to reimburse a purchaser for his actual out-of-pocket loss."  *Burgess v.*

17   *Premier Corp.*, 727 F.2d 826, 839 (9th Cir. 1984) (quoting *Garretson v. Red-Co,*

18   *Inc.*, 9 Wn. App. 923, 928 (1973)) (internal quotation omitted).  Thus the WSSA's

19   provision for the recovery of interest, attorney's fees, and costs is not punitive in

20   nature.  The FDIC's motion to dismiss must fail because the application of the

1    WSSA's provisions for interest, attorney's fees, and costs is not barred by Section

2    1825(b)(3).

3         Accordingly, **IT IS HEREBY ORDERED** that the FDIC's motion to

4    dismiss, **ECF No. 40**, is **DENIED**.

5         The District Court Clerk is hereby directed to enter this Order and provide

6    copies to counsel.

7         **DATED** this 11th day of March 2013.

8

9                    _____*s/ Rosanna Malouf Peterson*_____
                     ROSANNA MALOUF PETERSON

10              Chief United States District Court Judge

11

12

13

14

15

16

17

18

19

20

ORDER DENYING FDIC'S MOTION TO DISMISS ~ 13