UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES C. SUNG, MD, a married man,<br>Plaintiff,<br>v.<br>MISSION VALLEY RENEWABLE ENERGY, LLC, a Delaware limited liability company doing business in the State of Washington, et al.,<br>Defendants. | NO: CV-11-5163-RMP<br><br>ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE FOR DISCOVERY VIOLATIONS |

**BEFORE THE COURT** is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37(c)(1) and 37(b)(2)(A) filed by Defendants William and Cynthia McKay ("the McKays"), ECF No. 185, and a motion to join the same filed by Defendant the Federal Deposit Insurance Corporation acting as Receiver for the Bank of Whitman ("FDIC"), ECF No. 190. The Court heard the motions on an expedited basis. Oral argument was held on August 23, 2013. Mark K. Davis appeared on behalf of the McKays. David P. Gardner and Kevin J. Curtis appeared

on behalf of the FDIC. Maris Baltins appeared on behalf of Plaintiff Dr. Charles C. Sung. The Court issued an oral ruling dismissing the case at the conclusion of oral argument. This Order is intended to memorialize and supplement the Court's oral ruling. The Court has considered the briefing, the supporting documentation, and the file, and is fully informed.

BACKGROUND

Dr. Sung first filed this case in Benton County Superior Court on July 28, 2010. ECF No. 2, at 4-26. Dr. Sung alleged numerous causes of action against Defendants Mission Valley Renewable Energy, LLC ("MVRE"), the Bank of Whitman, and the McKays, arising from Dr. Sung's purchase of two private placement investments in MVRE in the amount of $100,000 each. Dr. Sung alleged that William McKay, a loan officer with the Bank of Whitman, had made numerous material misrepresentations and omissions concerning MVRE in the process of soliciting Dr. Sung's investments in MVRE. Dr. Sung stated causes of action against the McKays and the Bank of Whitman under the Washington State Securities Act, RCW 21.20 *et seq.* ECF No. 2, at 21.20.010. Dr. Sung additionally stated causes of action against the Bank of Whitman under state tort theories of respondeat superior, failure to supervise, negligent misrepresentation, breach of fiduciary duty, and negligence. ECF No. 2, at 21-26. The Bank of Whitman failed

during the pendency of the action and the FDIC was appointed as Receiver. The FDIC then removed the action to federal court on December 27, 2011. ECF No. 1.

The parties had conducted discovery at the state court level. *See* ECF No. 2, at 57. Upon removal to federal district court, the Court issued a scheduling order providing for another round of discovery and directing the parties to comply with Federal Rule of Civil Procedure 26(a)(1) regarding initial disclosures. ECF No. 28. The Court additionally warned the parties that they could be subject to sanctions under Civil Rule 16(f) for failing to obey the scheduling order. ECF No. 28, at 7-8.

The case moved to the summary judgment stage following what the parties believed had been full and complete discovery. The Court denied the McKays' motion for summary judgment, finding that Dr. Sung had established genuine issues of material fact regarding whether Mr. McKay was a "seller" of securities under the Washington State Securities Act, whether Mr. McKay had made material misrepresentations or omissions under the Act, and whether Dr. Sung had reasonably relied on the alleged misrepresentations or omissions. ECF No. 118. The Court granted the FDIC's motion for summary judgment in part, holding that the Bank of Whitman (and thus the FDIC, acting as receiver for the Bank) was not subject to liability under the Washington State Securities Act. However, the Court denied summary judgment on Dr. Sung's claims under respondeat superior,

negligent supervision, negligent misrepresentation, and breach of fiduciary duty. With regard to Dr. Sung's negligent misrepresentation claim, the Court held that there existed genuine issues of material fact as to whether Dr. Sung had reasonably relied on allegedly false information provided by Mr. McKay. ECF No. 130.

Trial in this matter was originally set for April 8, 2013. ECF No. 28, at 7. The parties filed their witness and exhibit lists, and their respective objections, prior to the pretrial conference scheduled for March 26, 2013. At the March 26 pretrial conference, Plaintiff was informed that many of his proposed exhibits faced hurdles to admission at trial based on grounds of authentication, relevance, and hearsay. Following the pretrial conference, Plaintiff's counsel informed defense counsel and the Court that Plaintiff would be unavailable on the date of trial due to a family emergency abroad. The Court held a hearing on the matter on April 2, 2013, and rescheduled the trial to August 26, 2013, to accommodate Plaintiff. ECF Nos. 137, 139.

On April 3, 2013, Plaintiff's counsel provided defense counsel with a set of documents purporting to "amend" more than half of his proposed exhibits for trial. Plaintiff later filed with the Court a Motion to Reform and Supplement Exhibits, ECF No. 141. Plaintiff attached a set of thirty new exhibits and requested that the Court allow him to substitute these new exhibits for some of his prior proposed exhibits. Plaintiff's counsel explained that amendment was necessary because he

had not received the correct documents from his client, Dr. Sung, at the time that counsel was preparing the case and producing documents to Defendants. ECF No. 142. Plaintiff's counsel further explained that, after the March 26 pretrial conference, he had traveled to Dr. Sung's office to review the documents that Dr. Sung had in his possession and to access Dr. Sung's e-mail account. *Id.* Plaintiff then produced to Defendants and the Court a new set of documentation and emails for use as Plaintiff's reformed trial exhibits with different identifying numbers from the previous versions of the exhibits. *Id.*

In addition to producing new documents and attempting to introduce reformed exhibits based thereon, Plaintiff also submitted a motion to reform his witness list to add Roger Girard as a witness at trial. ECF No. 143. The time for filing witness lists had passed and the Court had already addressed witnesses at its first pretrial conference and in its first pretrial order. ECF No. 135.

The Court held a pretrial conference on July 19, 2013, to hear and address objections regarding Plaintiff's amended exhibit and witness lists. A review of Plaintiff's new proposed exhibits revealed that many of them included entirely new documents not previously disclosed to Defendants and new versions of documents with additional handwriting or other alterations which had not been previously disclosed in that form. The Court issued an order denying admission of many of

Plaintiff's new exhibits on the basis that the documents had not been previously provided in discovery. ECF Nos. 179, 181.

In addition to opposing the admission of Plaintiff's new exhibits, Defendants filed motions for monetary sanctions arising from their need to review and respond to Plaintiff's attempts to supplement his exhibit list with information not previously disclosed in discovery. In their motions for sanctions, Defendants contended that many of Plaintiff's new proposed exhibits contained documents that should have been produced by Dr. Sung as part of his initial disclosures under Civil Rule 26(a), or supplemented under Civil Rule 26(e), or in response to discovery requests at some time prior to the March 26, 2013, pretrial conference. Defendants further contended that Plaintiff's failure to disclose was not substantially justified or harmless, and that they were forced to incur expenses as a result of reviewing and preparing oppositions to Plaintiff's newly proposed exhibits. The Court entered an order granting in part Defendants' motions for an award of attorney's fees based on Plaintiff's violation of the discovery rules. ECF No. 179.

Defendants had alerted the Court that they retained a firm specializing in electronic discovery for the purposes of obtaining information from Plaintiff's computer hard drives and e-mail account. Defendants believed that this step was necessary in light of Plaintiff having produced new documents following the initial

pretrial conference. ECF No. 146. Plaintiff agreed to the electronic discovery searches but placed numerous restrictions on the process that led to delay. ECF Nos. 147, 157, 162, 164. Certain issues related to the search had still not been resolved at the time of the July 19, 2013 hearing, including appropriate search terms and confidentiality agreements. ECF No. 168.

On August 19, 2013, just one week before trial was set to begin, the McKays filed a motion to dismiss Plaintiffs' claims against them as a sanction for repeated discovery violations on the part of Plaintiff. The McKays explained that the electronic discovery search had been concluded with the results provided to the parties on August 13, 2013. ECF No. 186. The McKays contended that the results of the search revealed numerous additional documents that should have been disclosed by Plaintiff but were not so provided. ECF No. 185. The McKays additionally moved for expedited consideration. The FDIC moved to join the McKays' motion to dismiss, pointing to additional documents revealed in the electronic search that had not previously been disclosed to Defendants in discovery. ECF Nos. 190, 191.

Defendants filed with the Court numerous exhibits containing examples of documents that they contend should have been disclosed by Plaintiff. A review of the exhibits demonstrates that many of the newly discovered documents touch on numerous other investments made by Dr. Sung. ECF Nos. 186, 191. The

documents arguably could demonstrate that Dr. Sung was a sophisticated investor who sought out high-risk investments. Defendants have repeatedly raised the issue of Dr. Sung's reasonable reliance in the course of this litigation, and many of the withheld documents were relevant to that issue.

The Court heard Defendants' motions on expedited consideration. Plaintiff filed responses in which he primarily argued that the new documents Defendants pointed to were irrelevant or cumulative of previously disclosed discovery. ECF No. 193, 194.

ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) allows for sanctions where a party "fails to obey an order to provide or permit discovery." Available sanctions include "dismissing the action or proceeding in the whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). The definition of "order" in Rule 37(b) "has been read broadly," *Dreith v. Nu Image Inc.*, 648 F.3d 779, 787 (9th Cir. 2001) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)), and includes violations of a court's scheduling order. *Id.*; *see also* Fed. R. Civ. P. 16(f) (stating that where a party fails to obey a scheduling order, the court may enter any "just orders" including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii-vii)).

Federal Rule of Civil Procedure 37(c)(1)(C) similarly allows for sanctions, including dismissal of the action or default judgment, when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Civil Rule 26(a) in turn relates to required disclosures. Civil Rule 26(e) states that a party who has made a required disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or request for admission must supplement its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[] and [] the additional or corrective information has not otherwise been made known to the other parties."

"[D]ismissal is a harsh penalty imposed only in extreme circumstances." *Dreith*, 648 F.3d at 788. The district court must consider five factors before dismissing a case or declaring a default:

> (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic actions.

*Id.* (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). In addition, to warrant sanctions the party's violations must be willful or committed in bad faith. *Id.* (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)); *see also Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) ("Disobedient conduct not shown to be outside the control of the litigant

is sufficient to demonstrate willfulness, bad faith, or fault." (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994))).

The Court finds that sanctioning Plaintiff's conduct is appropriate under both Civil Rules 37(b)(2)(A) and 37(c)(1)(C). Plaintiff violated the Court's scheduling order by failing to disclose documents and tangible things that may be relevant to any issue in the case. ECF No. 28, at 2. Plaintiff additionally failed to supplement his responses to Defendants' discovery requests under Civil Rule 26(e) and that failure was not substantially justified or harmless.

Plaintiff contends that he did not need to produce the documents because they were not "relevant" and because they were cumulative of other discovery. In making this argument, Plaintiff first fails to understand that relevance for discovery purposes is not the same as relevance at trial. For discovery purposes, documents and other information need not be admissible at trial so long as the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In addition, Plaintiff is not the arbiter of what constitutes "relevant" information under the discovery rules. If Plaintiff believed that documents possibly required by initial disclosures or responsive to Defendants' discovery requests were not relevant for the purposes of discovery, Plaintiff should have made his objection known and possibly moved the Court for a protective order. Similarly, Plaintiff could have objected and moved for a

protective order under Civil Rule 26(b)(2)(C) if he believed that Defendants' discovery requests were so cumulative as to be unduly burdensome.

Plaintiff also appears to misperceive what evidence would be relevant for trial. Plaintiff continues to insist, even after the summary judgment stage, that reasonable reliance is not an element that he bears the burden of proving to support his claims. However, Plaintiff must show that Dr. Sung reasonably relied on Mr. McKay's alleged material misrepresentations and omissions in purchasing the MVRE securities at issue. *See Estate of Steiner*, 122 Wn. App. 258, 264 (2004). Similarly, to prevail on a claim of negligent misrepresentation against the FDIC, Plaintiff must show by clear, cogent, and convincing evidence that he justifiably relied on any false information provided by the Bank of Whitman. *See Lawyers Title Ins. Corp. v. Baik*, 147 Wn. 2d 536, 545 (2002). Thus, evidence regarding the reasonableness of Dr. Sung's reliance on information provided by Mr. McKay is clearly relevant to the case, especially when considering the broad standard of "relevance" for discovery purposes.

Nor does the Court agree that Plaintiff had no occasion to supplement his disclosures or discovery responses under Civil Rule 26(e). Plaintiff's counsel previously submitted an affidavit explaining that he had accessed Plaintiff's documents and e-mail account several months earlier when attempting to supplement and "reform" his exhibits and exhibit list following the first pretrial

conference in this matter. ECF No. 142, at 3-4. Plaintiff did provide additional disclosures to Defendants at that point, but only those documents which aided his efforts to reform his exhibits. In fact, Plaintiff never produced the additional documents of his own volition. Defendants did not obtain the documents until they arranged for an independent electronic discovery review in response to Plaintiff's prior discovery abuses.

The Court additionally finds that the circumstances of this case are extraordinary and evidence willfulness or bad faith on the part of Plaintiff and Plaintiff's counsel. Plaintiff and Plaintiff's counsel repeatedly have withheld discovery from Defendants, turning over only those documents which aided Plaintiff's presentation of the evidence at trial. Plaintiff never disclosed the documents that Defendants submitted in support of their motion to dismiss, which only came to be discovered through Defendants' independent efforts. Even after the Court sanctioned Plaintiff by excluding his "reformed" exhibits based on documents not previously produced, and by awarding monetary sanctions to Defendants, Plaintiff still did not supplement his discovery responses to avoid a finding of additional violations by the Court. Plaintiff has introduced nothing to suggest that this conduct was outside the control of the litigant. *See, e.g.*, *Baker*, 24 F.3d at 1167.

/ / /

Turning to the five factors for dismissal, the Court finds as follows:

*1. The public's interest in expeditious resolution of the litigation*

The Court finds that this factor strongly favors dismissal as a sanction. This case originally was filed in state court over three years ago. The matter was set for trial in April, but was continued to August 26, 2013, at Plaintiff's request. If the Court did not dismiss Plaintiff's claims, another continuance of the trial would be necessary due to the volume of discovery recently obtained by Defendants. The resolution of this litigation has been far from expeditious and virtually all of the delay following removal to the district court is attributable to Plaintiff.

Moreover, it is possible that the case would have been resolved at an earlier point had Plaintiff complied with his discovery obligations. Though reasonable reliance is typically a question for the jury, it is impossible to predict how the parties' arguments regarding the reasonable reliance issue at the summary judgment stage, and the Court's analysis of that issue, would have differed had Plaintiff produced the documents and had Defendants had the opportunity to investigate further through additional discovery.

*2. The court's need to manage its docket*

The Court finds that this factor also strongly favors dismissal. The Court has expended a great deal of time and energy dealing with Plaintiff's ever-changing attempts to introduce certain exhibits and witnesses at trial. The Court

has, at this point, held three pretrial conferences to discuss Plaintiff's exhibits, including the effect Plaintiff's discovery abuses have had on the admissibility of exhibits at trial. At this point a fourth pretrial conference would likely be necessary should Defendants wish to submit additional exhibits from the newly obtained discovery. The Court already has set aside time for trial twice, only to have the trial moved shortly before it is set to begin. Plaintiff's conduct has not only impacted Defendants' ability to prepare for trial, it has placed a substantial burden on the Court's time and resources.

*3. The risk of prejudice to the other party*

Plaintiff's non-disclosure has made it impossible for Defendants to adequately prepare for the current trial date set. The discovery consisted of approximately 3,600 documents which, if printed out, would total more than 10,000 pages. ECF No. 187. Defendants did not receive the electronic discovery from the vendor until August 13, 2013, less than two weeks before trial was set to begin. The delay was primarily attributable to Plaintiff, who should have known of potential issues with his prior discovery disclosures and responses by late March or early April at the very latest.

Even if trial were continued, Defendants would still face prejudice in that they would need to incur substantial additional costs. Defendants would likely need to re-open discovery to re-depose Dr. Sung and other persons, and possibly to

propound more interrogatories or discovery requests based on the new documents. Such additional discovery would be burdensome and expensive, and it would be due entirely to Plaintiff's inability to follow the rules of discovery.

*4. The public policy favoring the disposition of cases on their merits*

Ordinarily this factor would countenance against dismissal of a plaintiff's complaint. However, in this case Defendants likely would suffer from an inability to litigate the case on its merits. Discovery was withheld from Defendants that, at the very least, could substantially bolster their argument that Dr. Sung's reliance on any alleged misrepresentations was not reasonable. If Defendants were forced to go to trial without adequate time to review all the new material and prepare accordingly, or without being able to re-depose Dr. Sung and possibly take other discovery, they likely would not be able to mount a full defense on the merits. *See Baker*, 24 F.3d at 1167 (although public policy favoring decisions on the merits typically weighs against dismissal, this factor is afforded little weight where a fair trial appears impossible due to the sanctioned party's conduct).

Plaintiff, of course, has an interest in having his case tried by a finder of fact. However, this factor is only modestly in favor of Plaintiff given the difficulty Defendants would face in reviewing all discovery that should have been disclosed and trying the case on its merits at this time.

/ / /

*5. The availability of less drastic actions*

The Court finds that this favor also weighs heavily in favor of dismissal. Trial cannot proceed on its set date. The Court would need to continue trial to give Defendants more time to prepare in light of newly discovered evidence. In addition, it is very likely that discovery would need to be reopened so that Defendants could re-depose Dr. Sung and conduct other discovery based on newly acquired information. This would impose substantial costs on Defendants, who already have been accruing costs for more than three years defending against this case. Defendants should not have to bear the cost of Plaintiff's failure to properly provide discovery or supplement his discovery responses.

Moreover, the Court already has imposed monetary sanctions. Despite imposing the sanctions, Plaintiff did not produce the discovery that he previously had withheld. This suggests to the Court that additional monetary sanctions would have little deterrent effect on Plaintiff's conduct in the future.

Nor can the Court simply prohibit Plaintiff from introducing evidence at trial as a sanction. The Court previously did so by not allowing Plaintiff to amend his exhibit list to add documents that had not been previously disclosed in discovery. However, Plaintiff is not seeking to use at trial any of the discovery unearthed by Defendants. Rather, the new discovery would be used primarily by Defendants to argue that Dr. Sung cannot establish reasonable reliance. The only lesser sanction

would be to direct that Plaintiff cannot establish reasonable reliance as a matter of law. Such an action would be fatal to Dr. Sung's case and thus would have nearly the same effect as dismissal.

In summary, the Court finds that Plaintiff acted willfully and in bad faith in violating Civil Rules 26 and 37 and this Court's scheduling order, and that the relevant factors weigh strongly in favor of dismissing Plaintiff's claims against each Defendant with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that the McKays' Motion to Dismiss, **ECF No. 185**, and the FDIC's Motion for Joinder in the same, **ECF No. 190** are **GRANTED**.

The District Court Clerk is directed to enter this Order, enter Judgment in favor of Defendants, provide copies to counsel, and close this case.

**DATED** this 27th day of August 2013.

                      *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    Chief United States District Court Judge